## SUPREME COURT.

SOLOMON T. NICOLL and others agt. MICHAEL PINNER and others.

Where the plaintiffs, on the proper requisition to the sheriff, and giving the proper undertaking, took the property from the defendants, which was afterwards returned to the defendants on their requisition, accompanied by a counter undertaking; and, on a motion by defendants to set aside all the proceedings of the plaintiffs, on the ground that their affidavit did not show, as required by the Code, (§ 207,) that the plaintiffs were the owners of the property,

*Held*, that it appearing that a question of fraud was involved as to the ownership, the court could not undertake to decide that upon affidavits, but must leave the defendants' undertaking, and all the proceedings, to stand as they were until that question was tried.

*New-York Special Term, January,* 1854.

THIS is an action in the nature of replevin. A requisition to the sheriff, requiring him to take the property and deliver it to the plaintiffs, was endorsed by them on the affidavit required for that purpose; upon the receipt of which, together with the prescribed undertaking, the sheriff made the usual seizure. The property, however, was afterwards returned to the defendants on their requisition, accompanied by a counter undertaking.

The defendants insist that the seizure by the sheriff was illegal, and a motion is made to set aside all the proceedings, on the ground that the affidavit filed on behalf of the plaintiffs did not show, as required by the Code, (§ 207,) that the plaintiffs were the owners of the property.

———— ————, *for defenaants.*
———— ————, *for plaintiffs.*

ROOSEVELT, Justice. True, the person making the affidavit swears positively that the plaintiffs "are the owners;" but then, it is said, he does not *show* that they are; on the contrary, he admits facts, it is said, which go to show that they

are not.   That they were once the owners is undisputed—that they made a sale is undisputed; but if that sale, as is alleged, was fraudulent, they remain the owners still.   Can I say that, on the face of the affidavit, there was no fraud?   That is the precise issue to be tried.   Until it is tried, what hardship can result in leaving the undertaking of the defendants to stand? They have the property, and can dispose of it as they see fit. Should the trial result, as they insist it will, in a verdict in their favor, their undertaking will then, by its very terms, be discharged, and they will have that of the plaintiffs to look to for damages.   Should it result otherwise, however, as it may, the plaintiffs, in that event, might be seriously prejudiced should they be without any undertaking to secure them the fruits of the verdict.

Under the circumstances, justice, it seems to me, is most likely to be done by leaving the parties in *statu quo.*

Motion denied, without costs.